SOLOMON (ANDREWS v.). See Case No. 378.

SOLOMON (PAYNE v.). See Case No. 10,856.

SOLON, The (ANDERSON v.). See Case No. 303.

SOMBORN (APOLLINARIS BRUNNEN v.). See Case No. 496.

---

## Case No. 13,168.

### SOMBOY v. LORING.

[2 Cranch, C. C. 318.] [1]

Circuit Court, District of Columbia. May Term, 1822.

PARENT AND CHILD—TRESPASS FOR LOSS OF SERVICE—FORCE—KNOWLEDGE BY DEFENDANT.

In trespass vi et armis for taking away the plaintiff's son per quod servitium amisit, the plaintiff must either prove actual force, or knowledge on the part of the defendant that the young man was under age.

Trespass vi et armis [by negro Sampson Somboy against Solomon Loring], for taking away the plaintiff's son and servant per quod servitium amisit. Demurrer to the evidence.

Mr. Taylor, for defendant, contended that the action should have been trespass on the case—not vi et armis; but that if trespass vi et armis will lie, the plaintiff must prove either actual force, or that he seduced the boy knowingly, that is, knowing the plaintiff's right to his service. But the evidence shows that he did not know it. 2 Chit. Pl. 237, 238. The father has no right to the per-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

sonal service of his son under age. His only right of possession of his son is for nurture and education. Upon habeas corpus, at the request of the father, if the child be of years of discretion, the court will not order him to be delivered to the father contrary to the will of the child. It is not a question of property.

Mr. Wise. contra. In trespass the scienter is not material. Taylor v. Rainbow, 2 Hen. & M. 423; Knapp v. Salsbury, 2 Camp. 500; Bennett v. Allcott, 2 Term R. 166; 1 Chit. 95, 124; Tullidge v. Wade, 3 Wils. 18; Fitzh. Nat. Brev. 89, 90; Weedon v. Timbrell, 5 Term R. 357; Macfadzen v. Olivant, 6 East, 387; Bac. Abr. tit. "Master and Servant."

THE COURT (THRUSTON, Circuit Judge, absent) rendered judgment for the defendant, upon the demurrer to the evidence, on the ground that it was necessary for the plaintiff, in this action of trespass vi et armis, to prove either actual force, or a knowledge on the part of the defendant that the young man was under age.